## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BALANCED BODY, INC., | |
| *Plaintiff*, | Civil Action No.: _____ |
| v. | **JURY TRIAL DEMANDED** |
| THE PILATES CLUB MIDDLETOWN and ETY DEUTSCH, | |
| *Defendants*. | |

## <u>PLAINTIFF BALANCED BODY, INC.'S COMPLAINT</u>

Plaintiff Balanced Body, Inc. (hereinafter "Plaintiff" or "Balanced Body"), files this Complaint for patent infringement against Defendants The Pilates Club Middletown (hereinafter "Pilates Club") and Ety Deutsch ("Ms. Deutsch") (collectively, "Defendants"), and alleges as follows:

### <u>PARTIES</u>

1.     Balanced Body is a California corporation with its principal place of business at 5909 88th St., Sacramento, CA 95828.

2.     Upon information and belief, Pilates Club is a business formed and/or incorporated under the laws of New York, with its principal place of business at 15 James P. Kelly Way, Middletown, NY 10940.

3.     Upon information and belief, Ms. Deutsch is an individual residing in Westtown, New York, and is the founder, owner, operator, manager, and/or alter ego of Pilates Club.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5.      Pilates Club is subject to both the general and specific personal jurisdiction of this Court because its principal place of business is in the State of New York and the claims arise from Pilates Club's contacts with the state.

6.      Ms. Deutsch is subject to both the general and specific personal jurisdiction of this Court because she resides in the State of New York and the claims arise from Ms. Deutsch's contacts with the state.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because the Defendants reside in this District and have committed acts of infringement in this District.

## STATEMENT OF FACTS

8.      Balanced Body was founded in 1993 by Ken Endelman, who has been making reformers since 1976. A reformer is a stationary apparatus commonly used in Pilates exercises. Traditional reformers feature a rectangular frame made of wood or metal, which supports two parallel rails or tracks. A wheeled carriage glides along these tracks and is attached near the foot end of the frame by one or more coil springs, providing adjustable resistance. Pilates exercises on the reformer focus on core stabilization. The user sits or lies on the carriage and pushes against a foot bar at the end of the frame, moving the carriage back and forth to engage and strengthen core muscles.

9.      Balanced Body's product offerings include reformers, Pilates chairs, trapezes, and towers, as well as other tools and accessories. With respect to reformers, Balanced Body designs, manufactures, and sells multiple models of reformers in the United States.

10.     Balanced Body is a leading innovator in the field of Pilates equipment and has invested significant resources in the development and commercialization of its patented technology.

11.     Balanced Body is the owner and assignee of all rights in the following patents: U.S. Patent Nos. D659,205 ("D'205 Patent"); D659,206 ("D'206 Patent"); D659,208 ("D'208 Patent"); 8,721,511 ("'511 Patent"); 8,915,829 ("'829 Patent"); 9,132,311 ("'311 Patent"); and 9,289,645 ("'645 Patent") (collectively, "the Asserted Patents"). Balanced Body is the owner and assignee of all rights to enforce the Asserted Patents. The Asserted Patents cover innovations that improve the aesthetic features, usability, and safety of the reformer apparatus.

12.     The Asserted Patents were duly issued by the United States Patent and Trademark Office and are presumed valid under 35 U.S.C. § 101 *et. seq*.

13.     Balanced Body makes, uses, sells, and offers for sale products embodying the Asserted Patents and properly marks all such products under 35 U.S.C. § 287.

14.     Balanced Body has faced the serious issue of foreign manufacturers producing and shipping infringing reformers into the United States, where these unauthorized products are sold at a fraction of the cost of genuine goods. This not only undermines Balanced Body's brand reputation but also causes significant financial harm to Balanced Body's business. Recognizing the severity of the problem, in August 2025, the International Trade Commission issued a general exclusion order prohibiting the importation of products that infringe the '511 and D'208 Patents, and a limited exclusion order barring entry of products infringing the D'205 Patent. *See Exercise*

*Equipment and Subassemblies Thereof*, Inv. No. 337-TA-1419 (Aug. 11, 2025) (Violation). Despite these clear legal protections, infringing knockoffs continue to flood the U.S. market. On information and belief, Defendants are unlawfully using one or more of these knockoff products, flagrantly disregarding Balanced Body's patent rights and further compounding the damage to Balanced Body's business.

15.    Defendants have infringed and continue to infringe the Asserted Patents. Defendants' infringing acts include, but are not limited to, the use of knockoff Pilates reformer machines that infringe Balanced Body's Asserted Patents ("Infringing Products").

16.    Exemplary Infringing Products are depicted in the images below:



**Figure 1**



**Figure 2**



**Figure 3**



**Figure 4**



**Figure 5**

17. Upon information and belief, Defendants' infringement is willful. On August 6, 2025, Balanced Body sent a letter to Defendants, providing Defendants with actual notice that Pilates Club's Pilates studio at 15 James P. Kelly Way, Middletown, NY 10940, was utilizing "at least 12 reformers…that infringe at least one claim in each of the above identified" Asserted Patents and demanded that Defendants cease and desist from using the infringing reformers. (Ex. A, "August 6 Letter").

18.    On August 22, 2025, counsel for Balanced Body called Defendants and further attempted to explain the need to refrain from infringing Balanced Body's patents. Defendants alleged that Balanced Body's outreach was a "scam" and refused to communicate further.

19.    Thereafter, on or about August 26, 2025, Balanced Body sent another letter to Defendants, reiterating that Balanced Body's attempt to enforce the Asserted Patents was not a scam, and reiterating Balanced Body's demand to cease and desist from using infringing reformers. (Ex. B, "August 26 Letter"). Defendants have not responded to the August 26 Letter.

20.    Defendants have actual knowledge of Balanced Body's Asserted Patents and continue to use knockoff reformer machines, including the Infringing Products, despite this knowledge.

### COUNT 1: INFRINGEMENT OF U.S. DESIGN PATENT NO. D659,205

21.    U.S. Patent No. D659,205 ("D'205 Patent"), titled "Reformer Exercise Apparatus," was duly and legally issued by the United States Patent and Trademark Office on May 8, 2012, as shown in Exhibit C hereto.

22.    The invention of the D'205 Patent relates to the ornamental design for a new reformer exercise apparatus. For example, an upper perspective view, head end elevational view, and top plan view of the new reformer exercise apparatus design are depicted in Figures 1, 2, and 6 of the D'205 Patent, respectively.

23.    Balanced Body owns by assignment the entire right, title, and interest in the D'205 Patent.

24.    Upon information and belief, Defendants have directly infringed, and continue to directly infringe, one or more claims of the D'205 Patent under 35 U.S.C. § 271(a) by using knockoff Pilates reformers within the United States that embody the patented invention.

Specifically, Defendants have been using Infringing Products that infringe the D'205 Patent at their Pilates Club Middletown facility at 15 James P. Kelly Way, Middletown, NY 10940 since at least August 8, 2023. As shown in the chart below, comparing figures from the D'205 Patent with images of the Infringing Products from Defendants' own Instagram page, the similarities are apparent.





FIG.6

Figure 6

25.    On August 6, 2025 and August 26, 2025, Balanced Body provided Defendants with actual notice of the infringement pursuant to 35 U.S.C. § 287, demanding that Defendants cease and desist from using the Infringing Products.

26.    Despite receiving actual notice, upon information and belief, Defendants knew or should have known that their actions constitute direct and/or indirect infringement of the D'205 Patent and continue to use the Infringing Products in their business operations, thereby willfully infringing Balanced Body's patent rights.

27.    In addition, at least as of August 6, 2025, Defendants have indirectly infringed the D'205 Patent under 35 U.S.C. § 271(b).

28.    Specifically, Defendants' customers have directly infringed and continue to directly infringe the D'205 Patent by using the Infringing Products at Defendants' Pilates Club Middletown facility, as described above. Further, Defendants have induced and encouraged their customers to directly infringe the D'205 Patent by, among other things, (i) advertising and marketing Pilates classes, including on their website and on their social media accounts (*see, e.g.*, Figures 1–5), featuring the Infringing Products; and (ii) providing instructions to Defendants' customers participating in Pilates classes at Defendants' facility about using the Infringing

Products. At least as of August 6, 2025, Defendants have had knowledge of the D'205 Patent and have continued to advertise, market, and provide instructions on the use of Infringing Products, with knowledge that such use infringes the D'205 Patent and with the specific intent to infringe the D'205 Patent.

### COUNT 2: INFRINGEMENT OF U.S. DESIGN PATENT NO. D659,206

29.     U.S. Patent No. D659,206 ("D'206 Patent"), titled "Reformer Exercise Apparatus Frame," was duly and legally issued by the United States Patent and Trademark Office on May 8, 2012, as shown in Exhibit D hereto.

30.     The invention of the D'206 Patent relates to the ornamental design for a reformer exercise apparatus frame. For example, an upper perspective view, head end elevational view, and top plan view of the new reformer exercise apparatus design are depicted in Figures 1, 2, and 6 of the D'206 Patent, respectively.

31.     Balanced Body owns by assignment the entire right, title, and interest in the D'206 Patent.

32.     Upon information and belief, Defendants have directly infringed, and continue to directly infringe, one or more claims of the D'206 Patent under 35 U.S.C. § 271(a) by using knockoff Pilates reformers within the United States that embody the patented invention. Specifically, Defendants have been using Infringing Products that infringe the D'206 Patent at their Pilates Club Middletown facility at 15 James P. Kelly Way, Middletown, NY 10940 since at least August 8, 2023. As shown in the chart below, comparing figures from the D'206 Patent with images of the Infringing Products from Defendants' own Instagram page, the similarities are apparent.



| U.S. Patent No. D659,206 | Infringing Products |
|---|---|

33.     On August 6, 2025 and August 26, 2025, Balanced Body provided Defendants with actual notice of the infringement pursuant to 35 U.S.C. § 287, demanding that Defendants cease and desist from using the Infringing Products.

34.    Despite receiving actual notice, upon information and belief, Defendants knew or should have known that their actions constitute direct and/or indirect infringement of the D'206 Patent and continue to use the Infringing Products in their business operations, thereby willfully infringing Balanced Body's patent rights.

35.    In addition, at least as of August 6, 2025, Defendants have indirectly infringed the D'206 Patent under 35 U.S.C. § 271(b).

36.    Specifically, Defendants' customers have directly infringed and continue to directly infringe the D'206 Patent by using the Infringing Products at Defendants' Pilates Club Middletown facility, as described above. Further, Defendants have induced and encouraged their customers to directly infringe the D'206 Patent by, among other things, (i) advertising and marketing Pilates classes, including on their website and on their social media accounts (*see, e.g.*, Figures 1–5), featuring the Infringing Products; and (ii) providing instructions to Defendants' customers participating in Pilates classes at Defendants' facility about using the Infringing Products. At least as of August 6, 2025, Defendants have had knowledge of the D'206 Patent and have continued to advertise, market, and provide instructions on the use of Infringing Products, with knowledge that such use infringes the D'206 Patent and with the specific intent to infringe the D'206 Patent.

### COUNT 3: INFRINGEMENT OF U.S. DESIGN PATENT NO. D659,208

37.    U.S. Patent No. D659,208 ("D'208 Patent"), titled "Reformer Exercise Apparatus Footbar," was duly and legally issued by the United States Patent and Trademark Office on May 8, 2012, as shown in Exhibit E hereto.

38.    The invention of the D'208 Patent relates to the ornamental design for a reformer exercise apparatus foot bar. For example, an upper perspective view, head end elevational view,

and top plan view of the new reformer exercise apparatus design are depicted in Figures 1, 2, and 6 of the D'208 Patent, respectively.

39.     Balanced Body owns by assignment the entire right, title, and interest in the D'208 Patent.

40.     Upon information and belief, Defendants have directly infringed, and continue to directly infringe, one or more claims of the D'208 Patent under 35 U.S.C. § 271(a) by using knockoff Pilates reformers within the United States that embody the patented invention. Specifically, Defendants have been using Infringing Products that infringe the D'208 Patent at their Pilates Club Middletown facility at 15 James P. Kelly Way, Middletown, NY 10940 since at least August 8, 2023. As shown in the chart below, comparing figures from the D'208 Patent with images of the Infringing Products from Defendants' own Instagram page, the similarities are apparent.

| U.S. Patent No. D659,208 | Infringing Products |
|---|---|



FIG.1

Figure 4



Figure 5

Figure 3

41.    On August 6, 2025 and August 26, 2025, Balanced Body provided Defendants with actual notice of the infringement pursuant to 35 U.S.C. § 287, demanding that Defendants cease and desist from using the Infringing Products.

42.    Despite receiving actual notice, upon information and belief, Defendants knew or should have known that their actions constitute direct and/or indirect infringement of the D'208 Patent and continue to use the Infringing Products in their business operations, thereby willfully infringing Balanced Body's patent rights.

43.    In addition, at least as of August 6, 2025, Defendants have indirectly infringed the D'208 Patent under 35 U.S.C. § 271(b).

44.    Specifically, Defendants' customers have directly infringed and continue to directly infringe the D'208 Patent by using the Infringing Products at Defendants' Pilates Club

Middletown facility, as described above. Further, Defendants have induced and encouraged their customers to directly infringe the D'208 Patent by, among other things, (i) advertising and marketing Pilates classes, including on their website and on their social media accounts (*see, e.g.*, Figures 1–5), featuring the Infringing Products; and (ii) providing instructions to Defendants' customers participating in Pilates classes at Defendants' facility about using the Infringing Products. At least as of August 6, 2025, Defendants have had knowledge of the D'208 Patent and have continued to advertise, market, and provide instructions on the use of Infringing Products, with knowledge that such use infringes the D'208 Patent and with the specific intent to infringe the D'208 Patent.

### COUNT 4: INFRINGEMENT OF U.S. PATENT NO. 8,721,511

45.     U.S. Patent No. 8,721,511 ("'511 Patent"), titled "Reformer Exercise Apparatus," was duly and legally issued by the United States Patent and Trademark Office on May 13, 2014, as shown in Exhibit F hereto.

46.     The invention of the '511 Patent relates to a reformer exercise apparatus of a new and contemporary design.

47.     Balanced Body owns by assignment the entire right, title, and interest in the '511 Patent.

48.     Upon information and belief, Defendants have directly infringed, and continue to directly infringe, one or more claims of the '511 Patent under 35 U.S.C. § 271(a) by using knockoff Pilates reformers within the United States that embody the patented invention. Specifically, Defendants have been using Infringing Products that infringe the '511 Patent at their Pilates Club Middletown facility at 15 James P. Kelly Way, Middletown, NY 10940 since at least August 8, 2023.

49.    The Infringing Products satisfy each and every element of one or more claims of the '511 Patent.

50.    For example, claim 1 of the '511 Patent recites:

A reformer exercise apparatus comprising:

a generally rectangular frame having a pair of parallel spaced side rail portions, a head end portion, and a foot end portion;

a movable carriage supported by the side rail portions for movement of the carriage between the head and foot end portions;

a bias member connected between the carriage and the foot end portion of the frame for biasing the carriage toward the foot end of the frame; and

a foot support member supported by the side rail portions of the frame, wherein each of the side rail portions has an outer surface inverted generally U shape in transverse cross section, formed by an upright outer wall beginning at an outer bottom edge, extending substantially upright to an integral horizontal top wall merging into an inwardly and downwardly slanted inner wall and ending at an inner bottom edge spaced from the outer bottom edge.

51.    Defendants' Infringing Products, including as depicted in Figures 1–5 above, include a generally rectangular frame with parallel side rails, a movable carriage supported on the rails for movement between a head end and a foot end, and one or more coil springs connected between the carriage and the foot end to bias the carriage toward the foot end. The apparatus further includes a foot support bar supported by the side rails. On information and belief, the side rails of Defendants' apparatus include an upright wall, a horizontal wall, and a slanted inner wall forming an outwardly open slot that supports the foot bar assembly, as claimed in the '511 Patent. Defendants' Infringing Products therefore practice each and every element of at least claim 1 of the '511 Patent.

52.     On August 6, 2025 and August 26, 2025, Balanced Body provided Defendants with actual notice of the infringement pursuant to 35 U.S.C. § 287, demanding that Defendants cease and desist from using the Infringing Products.

53.     Despite receiving actual notice, upon information and belief, Defendants knew or should have known that their actions constitute direct and/or indirect infringement of the '511 Patent and continue to use the Infringing Products in their business operations, thereby willfully infringing Balanced Body's patent rights.

54.     In addition, at least as of August 6, 2025, Defendants have indirectly infringed the '511 Patent under 35 U.S.C. § 271(b).

55.     Specifically, Defendants' customers have directly infringed and continue to directly infringe the '511 Patent by using the Infringing Products at Defendants' Pilates Club Middletown facility, as described above. Further, Defendants have induced and encouraged their customers to directly infringe the '511 Patent by, among other things, (i) advertising and marketing Pilates classes, including on their website and on their social media accounts (*see, e.g.*, Figures 1–5), featuring the Infringing Products; and (ii) providing instructions to Defendants' customers participating in Pilates classes at Defendants' facility about using the Infringing Products. At least as of August 6, 2025, Defendants have had knowledge of the '511 Patent and have continued to advertise, market, and provide instructions on the use of Infringing Products, with knowledge that such use infringes the '511 Patent and with the specific intent to infringe the '511 Patent.

## COUNT 5: INFRINGEMENT OF U.S. PATENT NO. 8,915,829

56.     U.S. Patent No. 8,915,829 ("'829 Patent"), titled "Reformer Exercise Apparatus," was duly and legally issued by the United States Patent and Trademark Office on December 23,

2014, as shown in Exhibit G hereto.

57.    The invention of the '829 Patent relates to a reformer exercise apparatus of a new and contemporary design.

58.    Balanced Body owns by assignment the entire right, title, and interest in the '829 Patent.

59.    Upon information and belief, Defendants have directly infringed, and continue to directly infringe, one or more claims of the '829 Patent under 35 U.S.C. § 271(a) by using knockoff Pilates reformers within the United States that embody the patented invention. Specifically, Defendants have been using Infringing Products that infringe the '829 Patent at their Pilates Club Middletown facility at 15 James P. Kelly Way, Middletown, NY 10940 since at least August 8, 2023.

60.    The Infringing Products satisfy each and every element of one or more claims of the '829 Patent.

61.    For example, claim 1 of the '829 Patent recites:

A reformer exercise apparatus comprising:

generally rectangular frame having a pair of parallel spaced side rail portions, a head end portion, and a foot end portion, wherein each of the side rail portions has an outer surface inverted generally U shape in transverse cross section, formed by an upright outer wall beginning at an outer bottom edge, extending substantially upright to an integral top wall merging into an inwardly and downwardly sloping inner wall and ending at an inner bottom edge spaced from the outer bottom edge;

a movable carriage supported by the side rail portions for movement of the carriage between the head and foot end portions;

a bias member connected between the carriage and the foot end portion of the frame for biasing the carriage toward the foot end of the frame; and

a foot support member supported by the side rail portions of the frame.

62.     Defendants' Infringing Products, including as depicted in Figures 1–5 above, include a generally rectangular frame with a pair of parallel spaced side rail portions, a head end portion, and a foot end portion. Each side rail portion of the Infringing Products has an outer surface with an inverted generally U shape in transverse cross section, including an upright outer wall, a top wall, and an inwardly and downwardly sloping inner wall, as described in the '829 Patent. The apparatus further includes a movable carriage that is supported by the side rail portions and is capable of moving between the head and foot end portions. The apparatus further includes a bias member, such as one or more springs, connected between the carriage and the foot end portion of the frame, which biases the carriage toward the foot end of the frame. On information and belief, the Infringing Products include a foot support member (a foot bar) that is supported by the side rail portions of the frame. Defendants' Infringing Products therefore practice each and every element of at least claim 1 of the '829 Patent.

63.     On August 6, 2025 and August 26, 2025, Balanced Body provided Defendants with actual notice of the infringement pursuant to 35 U.S.C. § 287, demanding that Defendants cease and desist from using the Infringing Products.

64.     Despite receiving actual notice, upon information and belief, Defendants knew or should have known that their actions constitute direct and/or indirect infringement of the '829 Patent and continue to use the Infringing Products in their business operations, thereby willfully infringing Balanced Body's patent rights.

65.     In addition, at least as of August 6, 2025, Defendants have indirectly infringed the '829 Patent under 35 U.S.C. § 271(b).

66.     Specifically, Defendants' customers have directly infringed and continue to directly infringe the '829 Patent by using the Infringing Products at Defendants' Pilates Club

Middletown facility, as described above. Further, Defendants have induced and encouraged their customers to directly infringe the '829 Patent by, among other things, (i) advertising and marketing Pilates classes, including on their website and on their social media accounts (*see, e.g.*, Figures 1–5), featuring the Infringing Products; and (ii) providing instructions to Defendants' customers participating in Pilates classes at Defendants' facility about using the Infringing Products. At least as of August 6, 2025, Defendants have had knowledge of the '829 Patent and have continued to advertise, market, and provide instructions on the use of Infringing Products, with knowledge that such use infringes the '829 Patent and with the specific intent to infringe the '829 Patent.

## COUNT 6: INFRINGEMENT OF U.S. PATENT NO. 9,132,311

67.    U.S. Patent No. 9,132,311 ("'311 Patent"), titled "Reformer Exercise Apparatus Footbar Support Assembly," was duly and legally issued by the United States Patent and Trademark Office on September 15, 2015, as shown in Exhibit H hereto.

68.    The invention of the '311 Patent relates to a reformer exercise apparatus of a new and contemporary design.

69.    Balanced Body owns by assignment the entire right, title, and interest in the '311 Patent.

70.    Upon information and belief, Defendants have directly infringed, and continue to directly infringe, one or more claims of the '311 Patent under 35 U.S.C. § 271(a) by using knockoff Pilates reformers within the United States that embody the patented invention. Specifically, Defendants have been using Infringing Products that infringe the '311 Patent at their Pilates Club Middletown facility at 15 James P. Kelly Way, Middletown, NY 10940 since at least as early as August 8, 2023.

71.     The Infringing Products satisfy each and every element of one or more claims of the '311 Patent.

72.     For example, claim 1 of the '311 Patent recites:

A foot bar assembly for use on a reformer exercise apparatus having a generally rectangular frame with parallel side portions, a head end and a foot end, each side portion having a foot bar support feature extending along at least part of the side portion, the foot bar assembly comprising:

a generally U shaped foot bar sized to span the parallel side portions when the foot bar assembly is installed on the reformer exercise apparatus, the foot bar having a first end and a second end; and

a pair of foot bar support assemblies, wherein each foot bar support assembly comprises:

an elongated slide plate configured to be movably supported by the foot bar support feature of one of the side portions;

a hook plate parallel to the slide plate fastened to the slide plate;

a foot bar support arm rotatably and slidably fastened to the hook plate parallel to and alongside the hook plate and having an end fastened to one of the first and second ends of the foot bar; and

a locking member operably coupled to the hook plate to permit movement of the slide plate along the foot bar support feature only when the foot bar assembly is mounted on the foot bar support features of a reformer exercise apparatus and the foot bar support arm is in a predetermined position with respect to the hook plate and to prevent movement of the slide plate along the foot bar support feature when the foot bar support arm is in other than the predetermined position.

73.     Upon information and belief, Defendants' Infringing Products feature a U-shaped foot bar spanning the parallel side portions of the rectangular frame, with each end supported by an assembly comprising a slide plate, hook plate, a foot bar support arm, and a locking mechanism that restricts movement of the slide plate except when the support arm is in a specific position.

Defendants' Infringing Products therefore practice each and every element of at least claim 1 of the '311 Patent.

74.     On August 6, 2025 and August 26, 2025, Balanced Body provided Defendants with actual notice of the infringement pursuant to 35 U.S.C. § 287, demanding that Defendants cease and desist from using the Infringing Products.

75.     Despite receiving actual notice, upon information and belief, Defendants knew or should have known that their actions constitute direct and/or indirect infringement of the '311 Patent and continue to use the Infringing Products in their business operations, thereby willfully infringing Balanced Body's patent rights.

76.     In addition, at least as of August 6, 2025, Defendants have indirectly infringed the '311 Patent under 35 U.S.C. § 271(b).

77.     Specifically, Defendants' customers have directly infringed and continue to directly infringe the '311 Patent by using the Infringing Products at Defendants' Pilates Club Middletown facility, as described above. Further, Defendants have induced and encouraged their customers to directly infringe the '311 Patent by, among other things, (i) advertising and marketing Pilates classes, including on their website and on their social media accounts (*see, e.g.*, Figures 1–5), featuring the Infringing Products; and (ii) providing instructions to Defendants' customers participating in Pilates classes at Defendants' facility about using the Infringing Products. At least as of August 6, 2025, Defendants have had knowledge of the '311 Patent and have continued to advertise, market, and provide instructions on the use of Infringing Products, with knowledge that such use infringes the '311 Patent and with the specific intent to infringe the '311 Patent.

## COUNT 7: INFRINGEMENT OF U.S. PATENT NO. 9,289,645

78.    U.S. Patent No. 9,289,645 ("'645 Patent"), titled "Reformer Exercise Apparatus Arm Cord Retraction Assembly," was duly and legally issued by the United States Patent and Trademark Office on March 22, 2016, as shown in Exhibit I hereto.

79.    The invention of the '645 Patent relates to a reformer exercise apparatus of a new and contemporary design.

80.    Balanced Body owns by assignment the entire right, title, and interest in the '645 Patent.

81.    Upon information and belief, Defendants have directly infringed, and continue to directly infringe, one or more claims of the '645 Patent under 35 U.S.C. § 271(a) by using knockoff Pilates reformers within the United States that embody the patented invention. Specifically, Defendants have been using Infringing Products that infringe the '645 Patent at their Pilates Club Middletown facility at 15 James P. Kelly Way, Middletown, NY 10940 since at least August 8, 2023.

82.    The Infringing Products satisfy each and every element of one or more claims of the '645 Patent.

83.    For example, claim 1 of the '645 Patent recites:

An arm cord retraction assembly for use on reformer exercise apparatus having a generally rectangular frame supporting a carriage for reciprocal movement between a head end and a foot end of the frame, and a pair of arm cords extending from the carriage for a user on the carriage to grasp during exercise, the arm cord retraction assembly comprising:

a pair of cord retraction devices configured to be fastened to an underside of the carriage, each cord retraction device having a frame carrying a rotatable spring biased reel therein adapted to be connected to a free end of one of the arm cords;

a pair of latch assemblies configured to be mounted to the underside of the carriage, each latch assembly associated with one of the cord retraction devices, wherein the latch assemblies are operably connected mechanically together such that operation of one latch assembly to hold or release its arm cord causes the other of the latch assemblies to operate to hold and/or release the other arm cord.

84.    Upon information and belief, Defendants' Infringing Products include an arm cord retraction assembly; it features a pair of cord retraction devices mounted to the underside of the carriage, each with a rotatable spring-biased reel connected to an arm cord, and a pair of latch assemblies mechanically linked such that the actuation of one latch assembly operates the other. Defendants' Infringing Products therefore practice each and every element of at least claim 1 of the '645 Patent.

85.    On August 6, 2025 and August 26, 2025, Balanced Body provided Defendants with actual notice of the infringement pursuant to 35 U.S.C. § 287, demanding that Defendants cease and desist from using the Infringing Products.

86.    Despite receiving actual notice, upon information and belief, Defendants knew or should have known that their actions constitute direct and/or indirect infringement of the '645 Patent and continue to use the Infringing Products in their business operations, thereby willfully infringing Balanced Body's patent rights.

87.    In addition, at least as of August 6, 2025, Defendants have indirectly infringed the '645 Patent under 35 U.S.C. § 271(b).

88.    Specifically, Defendants' customers have directly infringed and continue to directly infringe the '645 Patent by using the Infringing Products at Defendants' Pilates Club Middletown facility, as described above. Further, Defendants have induced and encouraged their customers to directly infringe the '645 Patent by, among other things, (i) advertising and marketing Pilates classes, including on their website and on their social media accounts (*see, e.g.*,

Figures 1–5), featuring the Infringing Products; and (ii) providing instructions to Defendants' customers participating in Pilates classes at Defendants' facility about using the Infringing Products. At least as of August 6, 2025, Defendants have had knowledge of the '645 Patent and have continued to advertise, market, and provide instructions on the use of Infringing Products, with knowledge that such use infringes the '645 Patent and with the specific intent to infringe the '645 Patent.

## DAMAGES AND RELIEF

89.    Defendants' continued willful infringement of Balanced Body's Asserted Patents is causing irreparable harm for which Balanced Body has no adequate remedy at law unless Defendants are enjoined by this Court. Under 35 U.S.C. § 283, Balanced Body is entitled to a preliminary and permanent injunction against further infringement of its patents.

90.    Balanced Body also seeks an award to Balanced Body of all other damages permitted by 35 U.S.C. § 284, including enhanced damages up to three times the amount of compensatory damages awarded.

91.    Balanced Body also seeks a declaration that this is an exceptional case and an award to Balanced Body of its attorneys' fees, costs, and expenses, pursuant to 35 U.S.C. § 285.

## JURY DEMAND

92.    Balanced Body hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Balanced Body respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

a.    A judgment that the Defendants have infringed Balanced Body's Asserted Patents;

b.      A permanent injunction against Defendants and their affiliates, subsidiaries, assignees, employees, agents, or anyone acting in privity or concert with them from further infringement of Balanced Body's patents without a license from Balanced Body, until the expiration of the Asserted Patents;

c.      A judgment for an accounting of all damages, past and future, sustained by Balanced Body as a result of the acts of infringement by the Defendants;

d.      A judgment and order requiring Defendants to pay Balanced Body actual damages in the form of lost profits, or, in the alternative, other damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the patented inventions by Defendants, in accordance with 35 U.S.C. § 284;

e.      A judgment and order finding that Defendants' infringement has been willful and trebling or otherwise increasing damages pursuant to 35 U.S.C. § 284 because of Defendants' willful infringement;

f.      A judgment and order requiring Defendants to pay Balanced Body's pre-judgment and post-judgment interest on the damages awarded;

g.      A judgment and order finding this to be an exceptional case and requiring Defendants to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

h.      Such other and further relief as the Court deems just and proper.

Dated: September 16, 2025

**GREENBERG TRAURIG, LLP**

*/s/ Justin A. MacLean*

Justin A. MacLean

Kathryn E. Albanese
One Vanderbilt Avenue
New York, NY 10017
Tel.: (212) 801-9200
Justin.MacLean@gtlaw.com
Katie.Albanese@gtlaw.com

John R. Wahl (*pro hac vice* to be filed)
1144 15th Street
Suite 3300
Denver, CO 80202
Tel: (303) 572-6500
wahlj@gtlaw.com

*Counsel for Plaintiff Balanced Body, Inc.*